**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| NEMA FOOD DISTRIBUTION, INC. | |
| D/B/A CUMHURIYET MEATS | |
| | |
| Plaintiff, | Cause No.: 4:26-cv-602 |
| | |
| -vs- | |
| | **JURY TRIAL DEMANDED** |
| AFYON ET VE ET MAMULLERI | |
| SANAYI VE TICARET LIMITED | |
| SIRKETI, | |
| | |
| Defendant. | |

**COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW, Plaintiff Nema Food Distribution, Inc., doing business as

Cumhuriyet Meats, ("Plaintiff") by and through its undersigned counsel and for its

Complaint for Declaratory Relief against Defendant Afyon Et ve Et Mamulleri Sanayi ve

Ticaret Limited Sirketi ("Defendant") and states as follows:

**PARTIES**

1. Plaintiff is a New Jersey corporation incorporated under the laws of the state of

   New Jersy and in good standing.  Plaintiff sells its meat products in the

   continental United States and engages in systematic and continuous commerce in

   this District.

2. Defendant is a foreign entity with its principal place of business in

   Afyonkarahisar, Turkey.  Defendant does not sell its meat products in the

   continental United States.

3. Plaintiff is the owner of certain trademark rights in the mark "CUMHURIYET" and has applied for registration of the same with the United States Patent and Trademark Office ("USPTO") as U.S. Trademark Serial Numbers 88/284,023 and 97/062,764.

4. Plaintiff has continuously used the CUMHURIYET marks throughout the United States, including this District, since at least as early as January 31, 2019.

5. Despite Defendants nonuse in the United States, Defendant has also applied for registration of nearly identical marks with the USPTO as U.S. Trademark Serial Numbers 97/431,987 and 88/585,668.

6. Defendant has not used the mark in United States commerce prior to Plaintiff.

## JURISDICTION AND VENUE

7. This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. §2201, et seq., and the Lanham Act, 15 U.S.C. §1051, et seq.  Subject matter jurisdiction is predicated upon 28 U.S.C. §1331, 1338, 1367, 2201, and 2202.

8. Personal jurisdiction is proper because Defendant has threatened Plaintiff with legal action and opposed Plaintiff's registration of its name and logo with the USPTO based on allegations of similarities between Plaintiff and Defendant's marks on products sold nationwide, including in Missouri.

9. Thus, Plaintiff has a reasonable apprehension that it will face continuing legal action for trademark infringement and an actual controversy within the meaning of 28 U.S.C. §§2201 and 2202 exists between Plaintiff and Defendant relating to the alleged infringement.  A judicial declaration is necessary and appropriate to resolve this controversy.

10. This Court has personal jurisdiction over Defendant for this action because Defendant directed activities towards the United States, including filing a U.S. trademark application.

11. Venue is proper in this judicial district under 28 U.S.C. §1391(b) because Defendant is subject to the Court' personal jurisdiction with respect to this action.

## NATURE OF THE ACTION

12. This is an action under the Lanham Act, 15 U.S.C. § 1051 et seq., for declaratory and injunctive relief concerning ownership, priority, and rights in the trademark CUMHURIYET in the United States.

13. Plaintiff seeks a declaration that it has priority of use of the CUMHURIYET Marks in U.S. commerce and is entitled to federal trademark registration.

14. Plaintiff further seeks to enjoin Defendant from asserting rights in the CUMHURIYET, prosecuting or relying upon its Section 44(e) application, and interfering with Plaintiff's use and registration.

15. This action resolves an actual controversy caused by Defendant's attempt to use a foreign registration to obtain U.S. rights despite Plaintiff's prior use.  A real and immediate controversy exists regarding ownership, priority, and rights.

16. Defendant's conduct creates risk of enforcement and harm.

## FACTUAL BACKGROUND

17. Plaintiff is and has been in the business of manufacturing and distributing meat products, namely sujuks, salami, sausages, and other meats in the United States since August 15, 2001. In connection with this business, Plaintiff offers and sells such products.

18. Plaintiff has used and continues to use the CUMHURIYET marks in U.S. commerce in connection with the meats, cured meats, sausage meat, sausages, and hot dog sausages since at least January 31, 2019. In view of this substantial use, Plaintiff is significantly invested, has a real interest in the CUMHURIYET marks, and owns common law rights to the CUMHURIYET marks.

19. On January 31, 2019, Plaintiff filed an application based on use for the mark CUMHURIYET, in standard characters without claim to any particular font style, size or color, in Class 29 for cured meats, meat, and sausages.  This was assigned Serial No. 88284023 ("'023 Application"). The filing basis was under Section 1(a).  On October 8, 2019, Defendant filed a Notice of Opposition to the '023 Application under Serial No. 91251473 ("'473 Opposition"), contending in part that Plaintiff was not rightful owner of the mark and Plaintiff's use of the CUMHURIYET mark was misrepresenting the source of the goods. On August 30, 2021, Plaintiff's prior counsel withdrew the '023 Application, without consent. On December 20, 2021, the Board issued an order terminating the '023 Application based on abandonment.

20. On October 6, 2021, Plaintiff filed a separate application based on the use for the mark CUMHURIYET SUCUK & Design in Class 29 for meat, cured meats, sausage meat, sausages, and hot dog sausages. This was assigned Serial No. 97062764 ("'764 Application").  The filing basis was under Section 1(a).  The mark consists of stylized writing of "Cumhuriyet Sucuk" in a tilted green rectangle box with white border lines:



The mark has been in use by Plaintiff since at least as early as September 1, 2020. In view of this substantial use, Plaintiff is significantly invested, has a real interest in the CUMHURIYET marks, and owns common law rights to the CUMHURIYET marks.

21. On August 20, 2019, Defendant filed a trademark application for the mark CUMHURIYET SUCUKLARI & Design in Class 29 for meat, fish, poultry, and game, not live, processed meat products, processed meat products, namely, sausages namely sujuks, salami, sausage, fried meat, pastrami, and ham.  This was assigned Serial No. 88/585,668 (the "668 Application").  The filing basis was under Section 44(e) - its alleged intent to use the mark in commerce under Section 1(b) of the Lanham Act, 15 U.S.C. §1051(b).  The mark consists of stylized writing of "Cumhuriyet Sucuklari" centered in a blue oval shape:



22. Plaintiff's 764 Application was suspended on October 20, 2022 due to Defendant's pending 668 Application.  This interferes with Plaintiff's application, causing harm to Plaintiff.

23. On May 27, 2022, Defendant filed a trademark application for the mark CUMHURIYET in standard characters without claim to any particular font style, size or color, in Class 29 for meat, fish, poultry and game, not live, processed

meat, processed meat products, namely, salami, sausage, fried meat, pastrami, ham, and sausages in the nature of sujuks.  This was assigned Serial No. 97/431,987 (the "987 Application").  The filing basis was under Section 1(b) of the Lanham Act, 15 U.S.C. §1051(b) as an alleged intent to use the mark in commerce.  On March 23, 2023, Defendant's 987 Application was suspended due to Plaintiff's 764 Application.

24. On information and belief, the representations were false at the time made because Defendant did not, and still does not, have a bona fide intent to use the mark in commerce in the United States.  Defendant is a foreign entity located in Turkey.  Defendant does not manufacture, produce or sell any products in the United States.  Furthermore, there is no indication that Defendant has any intent, let alone bona fide, to use the mark in commerce in the United States.  Upon information and belief, there is a ban on meat imports from Turkey which would prevent Defendant from introducing their products in the United States, and Defendant has not taken any steps to introduce its products using the mark in question in the United States.  Indeed, the filing basis under Section 44(e) does not even state that the asserted intent is for commerce in the United States.

25. Moreover, because Plaintiff is in the business of manufacturing, distributing and selling the goods identified in Defendant's 668 Application and 987 Application , any resulting registration will interfere with the Plaintiff's current business.  Plaintiff therefore has a real interest in opposing Defendant's attempts to register the CUMHURIYET marks and the entitlement to a statutory cause of action to bring this action.

26. Plaintiff is being harmed by Defendant's 668 Applicatoin and 987 Application because it is preventing Plaintiff from obtaining a registration its stylized "Cumhuriyet Sucuk" mark and the CUMHURIYET word mark. Plaintiff will be further harmed by issuance of the registration for the Defendant's marks sought by the 668 Application and the 987 Application because it would support exclusive rights in the marks that Defendant has asserted against Plaintiff.

27. Additionally, Plaintiff has used the stylized phrase "Cumhuriyet Sucuk" in interstate commerce in the United States continuously since January 31, 2019 in connection with the sale of goods.

28. As a result of its widespread, continuous, and exclusive use of "Cumhuriyet Sucuk" and "Cumhuriyet" to identify its goods and Plaintiff as their source, Plaintiff owns valid common law rights to "Cumhuriyet Sucuk" and "Cumhuriyet".

29. Defendant has never used the Cumhuriyet marks in United States, whereas Plaintiff has been selling its products under the stylized "Cumhuriyet Sucuk" and "Cumhuriyet" marks since at least as early as January 31, 2019.

30. Plaintiff's mark has priority over the CUMHURIYET marks because Plaintiff's use predates Defendant's intent to use in the United States.

31. Defendant's proposed marks are confusingly similar to Plaintiff's CUMHURIYET marks and are likely to cause confusion.

32. Ultimately, Plaintiff adopted and used CUMHURIYET no later than January 31, 2019.  Plaintiff has continuously used the marks in interstate commerce.  The

marks are associated with Plaintiff in the United States.  Plaintiff's use predates Defendant.

33. While, Defendant filed a Section 44(e) application based on an intent to use in the United States.  Defendant has not used the mark in U.S. commerce.  Defendant lacked a bona fide intent to use the mark in U.S. commerce at filing.  Defendant lacked product development, distribution, marketing, or preparation for U.S. use at filing.  The filing was merely to block Plaintiff rather than for legitimate use. Defendant made material misrepresentations to the USPTO at filing.

## COUNT I – DECLARATORY JUDGMENT REGARDING PRIORITY AND ENTITLEMENT TO TRADEMARK REGISTRATION

34. Plaintiff incorporates by reference all prior paragraphs as if fully stated herein.

35. This is an action for declaratory relief arising under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

36. An actual, justiciable controversy exists between Plaintiff and Defendant regarding (a) priority of use of the subject trademark in the United States, and (b) the parties' respective rights to federal trademark registration of the mark.

37. Plaintiff has used the CUMHURIYET marks in commerce within the United States in connection with meat, cured meats, sausage meat, sausages, and hot dog sausages continuously since at least as early as January 2019, which predates any use or claimed rights of Defendant in the United States.

38. Through such use, Plaintiff has established valid and protectable common law trademark rights in CUMHURIYET in the United States, including priority over Defendant.

39. Defendant has not used CUMHURIYET in commerce in the United States prior to Plaintiff's first use, and any claimed rights by Defendant in the United States are junior to Plaintiff's rights.

40. Defendant has filed one or more trademark applications in the United States, including the 668 Application and 987 Application, based on a foreign registration under Section 44(e) of the Lanham Act (i.e. an alleged intent to use the mark in U.S. commerce).

41. Defendant's applications and assertions of rights have created uncertainty and controversy regarding Plaintiff's right to continue using CUMHURIYET and to obtain federal trademark registration.

42. Defendant's applications, if allowed to mature into registration, would cause immediate and irreparable harm to Plaintiff, including but not limited to interference with Plaintiff's business, impairment of its trademark rights, and exposure to claims of infringement.

43. Plaintiff has priority of use of CUMHURIYET in the United States and is the senior user as against Defendant.

44. Plaintiff is entitled to registration of CUMHURIYET on the Principal Register under the Lanham Act.

45. Defendant is not entitled to registration of CUMHURIYET in the United States because:

    a. Defendant lacks priority in the United States;

    b. Defendant did not have a bona fide intent to use the mark in U.S. commerce at the time of filing any intent-to-use application, if applicable;

    c.   Any reliance on foreign registration under Section 44(e) does not confer priority over Plaintiff's prior U.S. use; and

    d.   Registration of Defendant's mark would create a likelihood of confusion with Plaintiff's previously used mark in violation of 15 U.S.C. § 1052(d).

46. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights and obligations, and to prevent further harm caused by Defendant's conduct.

WHEREFORE, Plaintiff respectfully requests that the Court issue an order declaring the following:

(a) that Plaintiff has not infringed and is not infringing any valid trademark rights or other intellectual property rights of Defendant;

(b) that Plaintiff is the prior user of the CUMHURIYET marks in the United States

(c) that Defendant has no superior rights to the CUMHURIYET marks in the United States

(d) that Plaintiff is entitled to registration of the CUMHURIYET marks in the United States;

(e) award Plaintiff its reasonable attorneys' fees and its costs here in expended; and

(f) any other and further relief as the Court deems just and proper under the circumstances.

NEMA FOOD DISTRIBUTION, INC.
D/B/A CUMHURIYET MEATS

By:    /Kelly M. Spann/
Kelly M Spann
TM Law & Associates

400 Chesterfield Center, Suite 400
Chesterfield, MO 63017
Tel: (314) 469-2610
kms@trademarkatty.com

Attorney for Plaintiff